IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES SOUTHEAST AND SOUTHWEST HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, | Case No. 13-cv-9019 |
| *Plaintiffs,* | Judge |
| v. | Magistrate Judge |
| PROFOAM, L.L.C., a Louisiana limited liability company, | |
| *Defendant.* | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health and Welfare Fund" and together with the Pension Fund collectively referred to as the "Funds") and Arthur H. Bunte, Jr., one of the Funds' present trustees, allege as follows:

**JURISDICTION AND VENUE**

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Funds by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of

ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are "employee benefit plans" as that term is defined in ERISA and are administered at their principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Funds' Trust Agreements which designate this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. The Health and Welfare Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

7. The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective

bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

8. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Funds as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Funds and their participants and beneficiaries in his capacity as a trustee and fiduciary.

9. Defendant ProFoam, L.L.C. ("ProFoam") is a company organized under the laws of the State of Louisiana. ProFoam is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

10. The IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Profoam and employees of other employers in industries affecting interstate commerce.

11. During all relevant times, the IBT and the Pipe Line Contractors Association have been parties to a collective bargaining agreement known as the National Pipe Line Agreement, to which Profoam is a signatory. Pursuant to that agreement, Profoam has been required to make contributions to the Fund on behalf of certain of its covered employees.

12. ProFoam and the IBT are also parties to Participation Agreements which require ProFoam to pay contributions to the Funds.

13. ProFoam agreed to be bound by the terms of the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement (collectively the "Trust Agreements") and all rules and regulations promulgated by the Trustees under said Trust Agreements.

14. Under the Trust Agreements, ProFoam was required to "remit continuing and prompt contributions to the [Funds] as required by the applicable collective bargaining agreement ..."

15. The Pension Fund's Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest

computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

16. The Health and Welfare Fund Trust Agreement also contains a provision that is identical to the provision quoted in the above paragraph except there are no references to "withdrawal liability" in the Health and Welfare Fund Trust Agreement provision.

17. The Funds rely upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Funds bill the employers for contributions.

## STATUTORY AUTHORITY

18. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of--

  (i)  interest on the unpaid contributions, or

  (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

## COUNT I – AUDIT FINDINGS

20.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     Count I is brought on behalf of both Funds.

22.     Pursuant to the Trust Agreements, the Funds are permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

23.     The Funds audited ProFoam's records to verify the accuracy and completeness of employee work history reported to the Funds by ProFoam during the period of January 1, 2011 through December 31, 2012.

24.     The audit revealed that ProFoam had failed to accurately report the work history of its covered employees.

25.     ProFoam breached the provisions of ERISA, the collective bargaining agreements, Participation Agreements and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds for the period of January 1, 2011 through December 31, 2012.

26.     ProFoam owes the Pension Fund at least $34,572.79 (not including interest) for unpaid contributions for the period of January 1, 2011 through December 31, 2012, as a result of the conduct set forth in paragraph 25.

27. ProFoam owes the Health and Welfare Fund at least $57,439.49 (not including interest) for unpaid contributions for the period of January 1, 2011 through December 31, 2012, as a result of the conduct set forth in paragraph 25.

28. Under the Trust Agreements, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Funds, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreements, for:

    (i) the unpaid contributions owed to the Funds by Defendant;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

    (iv) attorney's fees and costs; and

    (v) audit fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus

the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

### COUNT II – MAY 2012 THROUGH SEPTEMBER 2012 AND DECEMBER 2012 BILLINGS

29. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Count II is brought on behalf of the Pension Fund.

31. Based upon the employee work history reported to the Pension Fund by ProFoam during the periods of May 2012 through September 2012 and December 2012, ProFoam has breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreements and the Pension Fund Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund.

32. Despite demands that ProFoam perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, ProFoam has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 31.

33. ProFoam owes the Pension Fund $4,170.66 for unpaid contributions (not including interest) for the periods of May 2012 through September 2012 and December 2012, as a result of the conduct set forth in paragraph 31.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Pension Fund based upon the employee work history reported by Defendant;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Andrew J. Herink*

Andrew J. Herink   (ARDC No. 6303510)
Attorney for Plaintiffs
CENTRAL STATES FUNDS LAW DEPARTMENT
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 939-2458
E-mail: aherink@centralstatesfunds.org

Date: December 18, 2013